Good morning, Your Honors, and may it please the Court. I'm William Freeman of the ACLU Foundation of Northern California for the Plaintiff's Appellants. I'd like to reserve three minutes for rebuttal. I'd like to focus first on the issue of void for vagueness and then move on to the equal protection claim. The Court should reverse the grant of summary judgment for the plaintiffs because the RV parking ordinance is void for vagueness as a matter of law. Such an order would dispose of the case in its entirety. As the Court knows, whether an ordinance is void for vagueness is a matter of law. The Court reviews the District Court's determination de novo. What does your argument hinge on? Is it the definition of recreational vehicle? It's two things, Your Honor, and either one of them is fatal. The definition of recreational vehicle, which is contradicted by a lot of testimony and the preamble of the ordinance, which basically says it's addressing people sleeping in cars. But perhaps even more serious is the problem that no one knows where they can park because the ordinance says we prohibit parking on streets that are zoned residential at any hour of the day or night. And then we also prohibit parking on streets. Why is that vague? Streets aren't zoned in Sebastopol. The City Attorney acknowledged that, number one. Number that are in residential neighborhoods. That's not. I mean, if it had said that. Well, but the other problem is that there are plenty of places in Sebastopol, and this was admitted, it's in the record, where parcels on one side of the street are zoned one way and parcels on the other side of the street are zoned the other way. And what do you do with that street? Where can you park? And I took the depositions of all the city officials involved in this and they basically said that would be a problem. People would, and I asked them specifically, would people know where to park? And they said no, unless you went and looked at the zoning code and you looked at the zoning map. And even then, you'd have a problem figuring out what is a community facility? What is a commercial zone? The downtown, if you look at the zoning map, even if you get to the zoning map, the downtown core is zoned CD. It doesn't say it's commercial. It doesn't say it's residential. And I asked the city attorney, what do you do with that? And he agreed with my statement that you basically have to be an insider in the city government to figure that out. So if you're, suppose you're a person who unfortunately has to live in a car, and there are people like that in and around Sebastopol, as we all know. You're looking for a place to park at 10 o'clock at night, and you don't know, first of all, because if you've actually read the ordinance, the ordinance says in the findings and purpose section, we're trying to regulate the use of cars, the parking of cars used for sleeping. The definitional section then goes off in a different direction and has this technical definition of what an RV is, whether it's been altered for human habitation, and people disagreed on what an alteration is. I actually asked the city attorney about that very question, and I'll just read the question and answer. Question, how would a person who's in a vehicle know whether their vehicle was an RV or not? Answer, if they were living in it, occupying it as a living space, then I would say it falls within the definition. That goes to the first problem, the definition of what's an RV. I mean, the RV definition incorporates a lot of other definitions within it from other provisions of law, so that gives it a certain core, unless you claim that all of those are also void for vagueness facially. It does incorporate those, Your Honor, but it also has a residual clause, which says other vehicle or trailer. Would your argument then only be to strike the visual? No, the residual clause infects the whole ordinance. It makes everything vague. I don't see how that could be true. I mean, we deal with the crime of violence where the residual clause was struck as void for vagueness, but the remainder of it stands. I don't understand how that wouldn't follow. I mean, even if we agreed with you that the residual clause was void, it's not going to void the rest of it, which incorporates very common sense definitions from other provisions of law. Except for the fact, Your Honor, that, again, when we took testimony from city officials, they couldn't agree on what the entire ordinance meant. The fact that some city official can't figure out what the law is doesn't necessarily mean that the law, as we look at it and read it, isn't going to have a commonly understood meaning. You can pluck people out of your bureaucracy who are idiots. Well, I would say, because the standard is you look at this from the point of view of an ordinary person, and I would say that if the city attorney can't figure out what this means, then there's no way for an ordinary person to figure out what it means. I wonder if you're overstating it a little bit, because, I mean, you keep focusing on there are, at the margins, in some circumstances, there's going to be some confusion. But that's not that different from a whole bunch of areas of law, where 90% of it is common sense, and then you get into a thorny issue, and somebody gets ticketed, and they come in and argue, hey, this wasn't a residential area because there was a community center on the other side of the street. Well, then you've got an as-applied challenge. I mean, part of the problem you have here is, as I understand it, you're only raising facial challenges, right?  Yeah. So, I mean, that seems to be part of the problem that you have. You've bought off a very difficult standard of, you know... But I would suggest, Your Honor, and I think the law is definitive on this, that in terms of vagueness challenges, the vagueness challenges do not follow the Salerno Rule, and this Court has found that. I know, but it's still subject to the fact, you know, at twilight, day is hard to tell apart from night, but at noon, it's very clear. And so the fact that there might be areas where it's confusing doesn't mean that, for example, in large swaths of the city that are zoned single-family residential, it's not going to be unclear. But the fact that there are certain areas of clarity and certain conduct that is covered by the statute does not save a vague statute from being facially unconstitutional, and that's the point of Johnson v. United States. Yeah, I don't read the case law to say... In fact, I think it's just the contrary. It is. And then 99% of it, which everyone would understand, is common sense. But I don't think that's not the situation here. We have these cross-cutting problems. We have dual problems. And, you know, we asked the city attorney again, at written interrogatory, he had months to respond to this interrogatory. He testified that he had the assistance of the assistant city planner, and then the question was, could not have been much more simple. It was essentially, tell us where all streets or street segments where RV parking is permitted overnight, and he couldn't do it. He got it wrong multiple times. I took his deposition. He had to admit that he'd gotten it wrong multiple times. Again, and we're talking about this is not just someone who gets a ticket. Remember that under the ordinance, you're subject to towing immediately. That's your home. Well, we all hate towing. So we're with you there. Well, I don't like it if my vehicle gets towed down to the lot at 4th and Bryant, but that's my vehicle. This is someone's home. This is someone whose only shelter is a home. So it's a very serious problem, and I do believe it comes within the recognized law on vagueness challenges as being facial challenges. Can I ask a question about standing? Because it goes to jurisdiction, and so it's something we might have to raise sui sponte if we have a question about it.  As I understand, you represent two plaintiffs here, one individual, one organization. Do I have that? Actually, we represent three. There were three, and we didn't brief this. So if the court wants a supplemental briefing, we would certainly be glad to submit it. But there are three plaintiffs. One is Paige Yalitza Corley, and as the district court noted in a footnote, her standing was never contested. So under the rule that standing by one plaintiff is sufficient to confer jurisdiction, I think we're home free on that. The second was Jessica Marie Wetsch. The district court went through a number of findings about her situation, found that she had a real injury, it was traceable to the city's conduct, and it was redressable by the relief we were seeking. And then the third was Sonoma County Acts of Kindness, which was the organizational plaintiff, and we alleged and established to the satisfaction of the district court that they had organizational standing. So that was done on a Havens Realty theory rather than a Hunt theory? It was done on a Havens Realty theory, but it would have come out the same way under FDA versus Alliance for Hippocratic Medicine. In other words, they had a core preexisting function. Their job, their mission is to go out and find unhoused people and provide them with food and supplies. That predated the ordinance by a long time, and the ordinance made it impossible for them to do that or made it much more difficult. The ordinance's regulation of other parties created sort of an indirect cost to other people who do other things, but I thought Hippocratic Medicine suggests that that kind of indirect collateral injury isn't sufficient. This was under- Because they read Havens Realty as being a direct injury. You give bad information into the organization that uses the information. It's like giving them a defective product. That was what you said. I disagree respectfully, Your Honor, because I think this was a direct injury in the sense that I'm trying to go out and find people to give them food. I can't find them anymore. The ordinance has made it impossible because people have dispersed, they're in hidings. So there's somebody who parks in a particular area, and then they go to the coffee shop where that area is, and then the parking is eliminated. The coffee shop can sue because now I don't get the business because they can't park? I think that's a different set of circumstances, Your Honor. This is the core mission. The That's all they do. But their mission is still going forward. I mean, this is a debate that we're facing in a number of cases on this court, and I mean, I think Judge Collins' questions are apt because your interpretation seems to be that as long as it's more difficult to find a client, you're harmed as an organization, and I don't think that's what the Supreme Havens, you have to actually cause harm directed at the organization. And whatever we have here, we don't have harm directed at the organization. You'd agree with that, right? We actually do have harm to the organization. You don't have harm directed at the organization. It is harm suffered by the organization, which I think is sufficient. I know my time is running short. I would like to briefly I want to clarify. How many appellants do we have in front of us? Do we just have Wetch and Sonoma Acts of Kindness in front of us? We have, no, we have three. Mr. Yesway was dismissed, and we did not contest his dismissal. So we have two individuals. And who's the other individual? The other one is Paige Eliza Corley. She's referenced in a footnote in the district court opinion that her standing was not contested. She's not in the caption of the case. In your own brief, you don't list that person in the caption. She should be. There was no question. I can come back to that on rebuttal if it's I do want to just briefly mention the equal protection claim, because this is also, again, this is, there were disputed issues of fact, and that's a very direct way for this court to reverse, because the district court laid out all these facts and then said, in essence, we find that they don't matter or that we question their weight or their substance, and that was not the district court's prerogative to do on summary judgment. So the district court concluded that the question of animus was disputed. So once that happens under city of Cleburne, then the court had to go through what everyone agrees is a searching analysis of the city's proffered justifications. And you look at Cleburne, what the Supreme Court did there, they took eight rationales that the city suggested for its regulation and ticked off each one and said, no, that's not sufficient. That's not sufficient. Went through the whole list. Here, what the court did was said, well, the city said in its preamble, this is what we're addressing, and that's good enough, but it never examined the relationship between the objectives, which might have been reasonable, and the means that they were using. So why is it, if you're trying to deal with health and safety issues, why are you prohibiting even instant, you know, short-term parking by any one of a number of kinds of vehicles, when they said, well, what we're really trying to address is long-term vehicle encampment. The means that they directed to try to deal with that Bourneau rational relationship, or at the very least, there was a factual issue as to whether there was a rational relationship that the district court never took the time to analyze. And that, so that's a de novo review, and there should be a reversal on equal protection. Thank you. We'll give you time for rebuttal. Thank you very much. Good morning, and may it please the court. Ed Grutzmacher on behalf of Appelli and defendant, City of Sebastopol. Unsurprisingly, the city thinks the district court got its decision right and urges this court to uphold the district court's finding of summary judgment in favor of the city. First, I think it's important to highlight, as some of the questions highlighted earlier, that appellants are not only bringing a facial challenge to this ordinance, but they're bringing a facial challenge to the ordinance where it has never actually been implemented or enforced by the city at all. As such, that means many of the arguments that appellants are bringing are based on hypothetical applications of the ordinance and on assumptions regarding how the city will act regarding the ordinance. This also means it's difficult for them to meet their very high burden under the standard for facial challenges. And this is as it should be, because appellants are asking this court to overturn a legislative enactment that has never actually been put into practice. And I just want to sort of understand exactly what we have in front of us. So, Mr. Yesway, wherever you pronounce that, was dismissed for standing, and that's not challenged. You say in a footnote that Corley has chosen not to pursue this appeal. Did she not, was she not listed in the notice of appeal? That's my understanding, Your Honor. Okay, so we're down to two. We're down to Wetch and then the organization. Correct. Okay, and you didn't challenge the standing of either of those? We did challenge the standing of both below. The district court found that they did have standing. The standing for Wetch was based on her ability to have an RV, but was refusing, or was feeling discouraged from actually using the RV because of the ordinance. Did she have the RV yet, or she has access to it and could title it? It was not entirely clear whether she could get title to it. It sounded like it was more of, I have a friend who has an RV that will let me use it, but I don't want to do that because I don't want to get towed, was the explanation on that. And the district court- Would that be a harm to her, even, if it was a friend's RV that was towed? Well, I think there's- Is that part of your challenge? I guess, is that part of your challenge below? It was part of our challenge below. Also, I think it's important, too, as we're talking about the various arguments here, that the standing issues apply differently to the different claims as well. Under the vagueness standards, even if you had an RV, which Plaintiff Corley did below, one of the reasons we didn't challenge her standing was because she had the RV, but it does apply to the vagueness concerns because under vagueness- Would it be the one that was mentioned in the footnote, that page? Page Corley. Okay, page Corley.  Okay. So we've got to figure out whether she's still in or not. Got to figure out whether she's still in. My understanding, as was noticed in the footnote in our answering brief, is that she didn't appeal, and that footnote was not responded to in the reply brief. Can I just ask, if we said the organization did not have standing under Hippocratic Medicine, how would that, if at all, change the claims in this case? Would that resolve some? Or if we said WETCH has standing, would that be enough to have standing for every one of these claims? Thank you, Your Honor. I think that it would resolve standing completely for the vagueness claims that are being made regarding the RV. Resolve which way? Resolve it in favor- Against standing. I don't think there's any standing to bring the claim that the RV definition is vague if the only plaintiff left-  Is WETCH, because the RV she has clearly meets the definition of RV, and case law, I don't have the citation off the top of my head, but case law clearly indicates that where your conduct falls within the clear confines of the statute, you can't argue on behalf of third parties that it's vague as their application to them. But she would still have standing on equal protection? She would still have standing on equal protection, the Fourth Amendment claim, and the procedural due process claim. Assuming that access to an RV is sufficient for standing. Would she still have standing to challenge the zoning aspect of the vagueness challenge? I suppose you probably would still have standing to do that because their claim is that she doesn't know where to park her RV. It would just resolve the challenge specifically based on the definition of RV. However, as indicated in our briefs, I don't think that the zoning standard is actually vague. The zoning standard is clear. As this court has indicated, it prohibits entirely parking of RVs in residential zones and allows parking in commercial, industrial, and community facilities at certain hours of the day. I believe it's 10 p.m. to 7.30 a.m. That standard is clear. Her allegations, does she say she has a specific spot she wants to park? Because in theory, if she said, I want to park in this one spot and that spot is clearly residential and falls within the core of what the statute covers, then that could affect her vagueness, the vagueness challenge in the same way that it affects for the definition of where you're banned, in the same way that it affects for the definition of RV. When Ms. Wetsch did have an RV, so as indicated in the record, Ms. Wetsch at one point had an RV that was parked on Morris Street, which is in a commercial area of the city where a lot of the RVs were parked. That RV burned down, which is one of the public health and safety impacts that the city relied on. Has she said where she wants to park the RV if she gets it? She has not indicated a specific spot. This is my spot. But when the RVs were parked, they were parked in that industrial. Which was allowed, that would be allowed even now? That would be allowed overnight now. But not till 10 p.m.? Not till 10 p.m., correct. So the city council decided we're okay with people sleeping in their vehicles overnight. We recognize that they have a need to sleep and we'd rather them be sleeping in vehicles. Where are they able to park during the day? They are allowed to park in private areas. They're allowed to park outside of the city. They are allowed to park in private lots if they're permitted to. They can park in city-owned lots if they're conducting city business. But they're not allowed to park on city streets during the day. And that applies... Or Walmart, because every great RV person parks. Well, unfortunately or unfortunately, depending on your point of view. There's no Walmart. There's no Walmart. Which might be the problem. We'll have to convince the city council. Part of settlement discussions is get a Walmart. I'm not sure my particular council would go for that. In any event, are there any further questions on the vagueness arguments? Moving on to the equal protection argument that Appellant was discussing earlier. I really think that they're trying to graft on a least restrictive means test to what's supposed to be a rational basis test. The district court properly analyzed that the classification of RVs was causing two issues within the city. One was parking availability. And the second was the documented public health and safety impacts of RV encampments. And that's what the statute does. Those are the legitimate government purposes that the statute is intended to... The ordinance, excuse me, is intended to enforce. It doesn't have to be that the city, in enacting the ordinance, finds the methodology of the ordinance that's least restrictive to their ability to park or that's least restrictive, you know, that maximizes the amount of spaces or time that people can live there. It's just a rational basis test. And the city council, in its discretion, came up with a policy decision to allow them to park in these certain areas of the city during certain times of the day, which gives them access to a place to sleep and gives them access to a place to park at night, but does prevent parking availability during business hours, parking availability issues during business hours, and does prevent them from staying for a long term and creating the encampment public health and safety issues that the city saw before the ordinance. So unless there's any further questions. Thank you. We'll give you two minutes for rebuttal. First, I'd like to clarify regarding Ms. Corley. She is not a part of this appeal. And so I stand corrected on that. Okay, so we're just dealing with wet. And do you... I know, just assuming that we said there was no standing on the organization, do you agree with the assessment that that might affect at least the vagueness challenge as to the recreational vehicle? No, we do not agree with that, Your Honor, because I think council's recitation of the standard was incorrect in that that may be the case when there's an as-applied challenge. But this is not an as-applied challenge. It's a facial challenge. And courts routinely rule that vague ordinances are facially unconstitutional, regardless of the circumstances that they might be properly applied to an individual who's challenging them. And Coates v. City of Cincinnati is an example. Papa Christi is an example. Even Desert Crate is an example. So I think that we disagree with that, Your Honor. Now, as to Ms. Wetch, and this comes from our opposition to the city's motion for summary judgment, she did have a vehicle. She needed to sell it because she knew that with the ordinance, she wouldn't be able to park it on the street. She's been threatened with towing in the past. She has access to a camper. She'd like to live in that camper, but she will not do that because of the ordinance. So she owned one, entitled in her name.  Once the ordinance was proposed or passed or whatever, she sold it because she thought it would be too difficult. I can't represent that that was the causative factor in the sale. But she has, in the past, parked on the streets of Sevastopol. And she knows that she can't now. But does she own one now? The answer is no. The answer, as of the time we filed the appeal, is no. But she does have access to one. She has through a friend. And she has slept in that. Would she have standing if she borrowed a friend's camper?  Well, why? Because the friend would be the one who got the ticket and had to pay for it and would be towed. Why would that give her standing? Well, but she gets the citation. No, she doesn't get the citation. The owner of the vehicle gets the citation. She would have. If I give my vehicle to my kid and they get a parking ticket, I'm the one who gets to pay. But she still suffers the injury, because now she had access to a vehicle. Now she doesn't have access to a vehicle.  Well, that's a different issue.  I get the sense from Your Honors that you are very concerned about the standing issue, which was not briefed. And we would just request the opportunity for supplemental briefing to answer any questions that you may have. It's a serious issue. It was not raised by either party on appeal. So it should be addressed seriously. Finally, on the equal protection piece, there was a question raised as to where vehicles can park. And the answer was, well, they can park outside of town or they can park on private property. And they can park on the city lots while they're conducting city business. We didn't brief it on appeal, but we certainly briefed it below. Even that provision of the ordinance is vague, because everybody disagrees on what city business is. Some people said it's shopping, in a store. Some people said it's going to the police department. Some people said it was hiking on a recreational trail at the edge of town. So this ordinance is just riddled with problems that cannot be saved or severed. As we said before, they're multiple and they're cross-cutting. And the district court committed error when it essentially tossed them aside and said, I can decide what this means. I don't have to, I'm really deciding as a matter of law what this means and disregarding testimony that the court was required to weigh most favorably towards the non-moving party. And it didn't do that.  Thank you. We have your arguments. Thank you to both counsel for your arguments in the case today. The case is now submitted. We are going to take a short recess and come back and hear argument in our following two cases. Thank you.
judges: NELSON, COLLINS, VANDYKE